UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SHORTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )    CAUSE NO. 3:05-CV-0458 AS |
| | ) |
| WARDEN JULIE LAWSON, DEPUTY TAYLOR, STRAHLA, and B. SCHROEDER, | ) |
| | ) |
|     Defendants. | ) |

*OPINION AND ORDER*

Christopher Shorter, a prisoner confined at the Putnamville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, seeking damages for ill treatment at the St. Joseph County Jail while he was held there as a pretrial detainee. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second,

>he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Shorter brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In his first paragraph, Mr. Shorter alleges that he wrote seventy-two grievances while he was at the jail but that he "received no answers or answers that do not give any resovable (sic) solutions." (Complaint at p. 3). The Constitution, however, does not require that a jail have a grievance procedure, *Spencer v. Moore,* 638 F.Supp. 315, 316 (E.D. Mo. 1986), the Fourteenth Amendment does not protect State created inmate grievance procedures, and alleged violations of grievance procedures state no claim under § 1983. *Mann v.*

2

*Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988); *Azeez v. DeRobertis*, 568 F.Supp. at 8. That a jail official ignores or denies a prisoner's grievance does not violate the Fourteenth Amendment's due process clause. *Wilson v. VanNatta*, 291 F.Supp.2d 811, 819 (N.D.Ind. 2003) ("The right to petition the government for grievances does not guarantee a favorable response, or indeed any response, from government officials").

In his first paragraph, Mr. Shorter also alleges that Warden Julie Lawson "allowed her staff to treat myslf cruel and unusually and causing myself to not trust her authority." (Complaint at p. 3). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter,* 501 U.S. 294 (1991).

In his third paragraph, Mr. Shorter elaborates on the "cruel and unusual" treatment he received from Warden Lawson's subordinates. He asserts that on

3

May 23, 2005, Officer Taylor yelled at him and told him to get in his cell and that officers then came to his cell with stun guns and pepper mace and asked him to come out of his cell. He does not allege, however, that the officers used stun guns or mace on him. He also states that officers harassed him and wrote conduct reports against him. There is "a *de minimis* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and verbal abuse and harassment are not sufficient to state a claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Oltarzewksi v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Mr. Shorter alleges that these events occurred while he was facing criminal charges and hernia surgery "which caused [him] stress mentally and physically." (Complaint at p. 4). But because he alleges no actual physical injury from the defendants' actions, he may not seek damages for mental or emotional injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

In his third paragraph, Mr. Shorter alleges that On May 23, 2005, officers also searched his room for contraband. The Fourth Amendment does not apply to prison or jail cells, regardless of the reason, or lack of reason, for the search. *Hudson v. Palmer*, 468 U.S. 517 (1984). Prisoners have no reasonable expectation of privacy not to have their cells searched, *Id.* at 529, and regardless of the basis of the search, the Fourth Amendment prescription against unreasonable searches does not apply within the confines of a jail cell. *Id.* at 526.

4

Mr. Shorter also alleges in his third paragraph that after searching his room the officers confiscated property from him. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate postdeprivation remedy for the loss. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). The Indiana tort claims act provides a sufficient remedy for loss of personal property. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987); *Wilson v. Civil Township of Clayton*, 839 F.2d 375 (7th Cir. 1988).

In his second and third paragraph, Mr. Shorter alleges that On May 23, 2005, officers wrote several conduct reports against him and kept him in prehearing segregation until June 7, 2005,[1] at which time he asserts that the conduct reports against him were dismissed. In *Holly v. Woolfolk* 415 F3d 678, 861 (7th Cir. 2005), the court held that placement in prehearing segregation without a prior hearing did not violate a pretrial detainee's due process rights. Accordingly, even assuming Mr. Shorter was still a pretrial detainee on May 23, 2005, his due process rights were not violated as a result of the prehearing placement in segregation.

In his second paragraph, Mr. Shorter alleges that while he was in prehearing segregation, the defendants forced him to wear a "bright orange

---

[1] Mr. Shorter asserts that on June 2, 2005, while he was still in segregation, he was forced to wear an orange segregation jumpsuit to his sentencing hearing. That Mr. Shorter was sentenced on June 2, 2005, suggests that he had, in fact, already been convicted of a crime when he was placed in prehearing segregtion. If he had already been convicted of a crime, then he was not entitled to due process before being segregated from general population. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

5

jumpsuit which defamed my character in state court in which I was to be sentenced on June 2, 2005." (Complaint at p. 4). He seeks "to be awarded $250,000 for defamation of my character, having been made to wear orange segregation uniform to" court appearances. (Complaint at p. 5). Defamation, however, states no claim upon which relief can be granted under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Bone v. Lafayette*, 919 F.2d 64 (7th Cir. 1990).

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court **DISMISSES** this complaint.

**IT IS SO ORDERED.**

**ENTERED**: December  5 , 2005

                          S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

6